The Honorable Barbara Webb Prosecuting Attorney Seventh Judicial District 102 South Main Street Benton, AR 72015
Dear Ms. Webb:
This is in response to your request for an opinion on the following questions regarding Act 363 of 1997, which is codified at A.C.A. §14-14-1205(a)(3) (Repl. 1998):
 1. Does Act 363 of 1997 require counties to provide health insurance coverage to quorum court members or must counties choose to provide health insurance coverage by passage of an ordinance by the quorum court?
 2. May a county pay members of a quorum court the cash amount the county would pay for the member's insurance coverage if the member chooses not to accept insurance coverage? (Saline County has an ordinance which allows county employees to be paid the amount of the cost of insurance coverage if the employee does not choose to accept the coverage.)
 3. If a county provides health insurance coverage or the cash equivalent (depending on the answer to question number two), may the county appropriate funds to make said payments, or must the expense be taken from the per diem paid to quorum court members?
 4. Does Act 363 of 1997 allow counties to provide health insurance coverage to the families of quorum court members?
It is my opinion, in response to your first question, that the county is not required to provide health insurance coverage for members of the quorum court. This follows from the plain language of §14-14-1205(a)(3), which states:
 In addition to any other compensation expense reimbursement or expense allowances provided members of the quorum court, counties may provide medical insurance coverage for members of the quorum court.
A.C.A. § 14-14-1205(c)(3) (Repl. 1998) (emphasis added).
It is clear, in my opinion, from the use of the word "may" that counties are authorized, but are not required to provide such coverage. If the county chooses to provide the medical insurance coverage, it seems clear that an appropriation ordinance will be required. See, e.g., A.C.A. §14-14-801(b)(2) (quorum court's local legislative authority includes power to "[a]ppropriate public funds for the expenses of the county in a manner prescribed by ordinance[.]") and § 14-14-1102(b)(2)(C)(i) ("No money shall be paid out of the treasury until it shall have been appropriated by law. . . .")
It is my opinion that the answer to your second question regarding payment of the cash amount to quorum court members is "no." The General Assembly, through passage of Act 363 of 1997 (A.C.A. § 14-14-1205(c)(3),supra), has authorized counties to provide medical insurance coverage for members of the quorum court. There is no legal basis, however, for paying the cash amount to a member if he or she chooses not to accept the coverage. This conclusion is compelled by a plain reading of §14-14-1205(a)(3), and by § 14-14-1205(c) as recently construed by the Arkansas Supreme Court.
Prior to the 1997 legislation, the court in Massongill v. County ofScott, 329 Ark. 98, 947 S.W.2d 749 (1997), invalidated a county ordinance pursuant to which health insurance coverage was provided for quorum court members. The court held that the subchapter of the Arkansas Code dealing with county personnel procedures "specifically restricts or limits compensation and expenses to be provided quorum court members to that which is provided in § 14-14-1205 and other statutes in subchapter 12."329 Ark. at 107, following citation to § 14-14-1205(c).[1] Because the health insurance coverage was a county expense not specified under §14-14-1205, it was deemed invalid. Id.
It must therefore be concluded, following Massongill, that quorum court members cannot be paid the cash amount of the cost of insurance coverage, in the absence of specific statutory authority for such payment.
With regard to your third question concerning the per diem, it is my opinion that the county may appropriate funds to make the insurance payments rather than taking this expense from the quorum court members' per diem. It is clear from a review of § 14-14-1205 that the authorized insurance coverage (§ 14-14-1205(a)(3)) is not part of the per diem (§14-14-1205(a)(1) and (2)), which is defined as "a per calendar day allowance, exclusive of allowable expenses, which shall be paid a justice for attending meetings of the county quorum court. . . ."
It is my opinion that the answer to your last question is "no." This follows from the plain language of § 14-14-1205(a)(3), which authorizes counties to provide the coverage "for members of the quorum court." I cannot construe this language to encompass the families of quorum court members.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The court stated, with regard to this subsection:
 We again emphasize provision (c) of § 14-14-1205, which very clearly precludes quorum court members from receiving compensation or expenses
from funds appropriated by the quorum court for any services performed within the County, other than as provided by this subchapter. (Emphasis supplied.)